### A. J. BRINSON AND WIFE V. J. P. CUNLIFF.

See the petition in this case for a sufficient statement of a cause of action by a co-distributee of an estate against another who had received an amount beyond her distributive share, which, after the estate had been settled and closed, and the administrator discharged, had been left in the hands of herself and husband by said administrator; and where it was also alleged that all the heirs, except the plaintiffs, had received the portions of said estate to which they were entitled.

If the husband and wife, in right of the latter, in some informal distribution not sanctioned by the judgment of the County Court on final distribution, or by the legal assent of the other heirs, receive an amount of property greater than her share of the estate, and retain it in such capacity as her share until the administration upon the estate is closed, they may be jointly sued and compelled to account for such surplus by those co-distributees who have not received their shares.

ERROR from Upshur. Tried below before the Hon. C. A. Frazer.

This was a suit brought by John P. Cunliff and his wife, Susan Cunliff, as guardians of the persons and estates of five certain minor heirs of John H. McNairy, deceased, against A. J. Brinson and his wife, Laura Brinson. The petition alleged that the defendants were entitled to a distributive share of the estate of said John H. McNairy, deceased, and that, in the lifetime of said John H., received from the latter, as an advancement, one horse valued at the sum of one hundred dollars, and a negro girl named Harriet, valued at six hundred dollars, which property was charged to them in the decree of partition and distribution of said estate made and entered by the County Court of Upshur county, on the — day of June, 1854; the said A. J. Brinson and his said wife having brought the same into hotchpot in the distribution of said estate.

The plaintiff alleged that, on the 28th day of June, 1854, the defendants received in partition and distribution of the effects of said estate, one negro boy named Henry, and a negro girl named Frances, both of them being valued at nine hundred dollars; making, as the whole amount by them received, the sum of six-

teen hundred dollars. Also that the defendants, upon receiving said property as aforesaid, undertook and promised to pay back or refund to your petitioners whatsoever amount they may have received in excess of their distributive share of said estate. The plaintiffs' petition alleged further that the succession has been closed; that the administrator thereof had filed his exhibit for final settlement, which having been approved by the chief justice, the said administrator had been discharged; and that from said settlement and records of said court concerning said estate, it appears that the defendants were entitled to receive only the sum of eight hundred and eighty dollars and twelve cents, and that they have received, in excess of their distributive share, the sum of seven hundred and nineteen dollars and eighty-eight cents; which they aver defendants undertook and promised to refund to petitioners whenever it might be ascertained that they had received more than the distributive share as aforesaid, to which they were entitled. Plaintiffs allege that the wards whom they represent " are the parties injured by the said defendants having received the said overplus aforesaid ; the remaining portion of the heirs of said decedent having received their full share of said estate ; and they allege that said defendants have failed and refused to refund said amount as they have undertaken and promised to do."

The plaintiffs further alleged that on the 28th day of June, 1854, said A. J. Brinson received of the property of said estate the said negro boy Harry and girl Frances, valued as aforesaid, and that he, as principal, and L. H. McNairy and J. J. Elliott, as sureties, made their bond, payable to the wards of petitioners, and others, which is referred to as an exhibit and part of the petition. The bond is payable as stated above, and for the sum of six hundred and seventy-five dollars, conditioned that said A. J. Brinson will " pay over the amount of said negroes twelve months after date, deducting out of said amount eight hundred and seventy-three dollars, being his share of said estate." Plaintiffs alleged that said bond, at the making thereof, was delivered to the chief justice of Upshur county; that a cause of action had accrued to them against said principal and sureties, which entitled them to recover the sum of seven hundred and nineteen dollars

and eighty-eight cents, " for that said Brinson and his said securities have failed and refused to comply with the terms of said bond, in this, that twelve months have elapsed since the making and execution of said bond, and that said parties thereto have failed and refused to pay to your petitioners, for the use of said minors, the said sum of seven hundred and nineteen dollars and eighty-eight cents, as they undertook and promised to do; and they allege that their wards aforesaid are the only parties mentioned in said bond injured by the breach of the condition thereof, said wards having received only from said estate in final settlement the sum of six hundred and forty-six dollars and forty-six cents each, the same being much less than their distributive share of said estate."

The petition makes the makers to said bond parties defendants; prays that they be "cited to answer in the premises, and for judgment against the defendants generally for their said debt of seven hundred and nineteen dollars and eighty-eight cents." Petition was filed January 31, 1857; judgment by default was rendered on February 19, 1858, there being no appearance or answer made or filed for any of the defendants; the record showing service of process upon Brinson and wife, and also upon the sureties of Brinson on said bond. The judgment recited that the "plaintiffs' demand being uncertain as to amount, thereupon came a jury," &c., who returned a verdict for the plaintiffs for the sum of seven hundred and nineteen dollars and eighty-eight cents, whereupon a judgment was rendered accordingly against the defendants for said sum.

The record contains neither statement of facts, bill of exception, or other action of the court, or of the parties.

Brinson and wife filed their petition and bond for writ of error.

The only assignment of error which need be stated is the following:

The plaintiffs' petition shows no cause of action against either of the defendants, plaintiffs in error, nor any facts which warrant a judgment against them.

*M. D. Graham*, for plaintiffs.

Brinson v. Cunliff.

*Camp & Galloway*, for defendants in error.

ROBERTS, J.—This is a judgment by default with a writ of inquiry. The only question in the case is whether or not the petition states facts which constitute a cause of action against Brinson and his wife in favor of the wards of the plaintiffs below.

It is alleged that Brinson and wife have received from the estate of her father three negroes and a horse, valued at $1600; that her share of her father's estate is $880 12; that the said estate has been settled and closed, and the administrator thereof has been discharged, leaving in their hands property of the value of $719 88–100 more than her share. These facts are sufficient to establish their liability to account to some one for this surplus thus retained and held by them.

It is also alleged that they promised to pay to the wards of plaintiffs the amount of this surplus, and that they have failed so to do. This formal allegation of a promise may be intended to express the implied promise which arises upon the facts which constitute the liability of Brinson and wife, and the right of said wards. It is supported by further stating said wards are the minor heirs of the said estate ; that all the other heirs have fully received their shares ; that they have received only $646 46–100, which is much less than their portions, and that the five minor children of said John McNairy, deceased, are the only persons who are injured by the failure to return or account for this surplus property so received by Brinson and wife as distributees of said estate. Had it been stated that the distributive portion of each heir of said estate was $880 12–100, the facts which constitute the plaintiff's right would have been fully expressed. This fact, however, appears by necessary legal intendment, by its being stated that the distributive portion of Mrs. Brinson, as one of the children of said John McNairy, is $880 12 ; the law making no difference in the distributive portions of different children of the deceased; and this not being a case in which any difference could be produced by descent or distribution to half-bloods.

If husband and wife receive in some informal distribution, not sanctioned by the judgment of the County Court on final distribu-

tion, or by the legal assent of the other heirs, an amount of property greater than her share of the estate, and retain it in such capacity as her share until the administration upon the estate is closed, they may be jointly sued and compelled to account for such surplus by those co-distributees who have not received their shares of such estate. That is the case which is substantially presented in this petition. It is somewhat inartificially stated, and it is confused by being blended with a bond given by Brinson and others in relation to two of the slaves last received. Though this bond is set out in the petition, it does not vitiate the cause of action otherwise well stated. Because it does not appear under what circumstances said bond was given; and, further, the parties to this bond, the sureties, who might complain of the judgment by default, do not join in the petition for writ of error.

A good cause of action having been stated against Brinson and wife, and the other parties not complaining, we cannot say that there is error in the judgment.

Judgment affirmed.